**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE M. FERGUSON,<br><br>    Petitioner,<br><br>    v.<br><br>DISTRICT ATTORNEY,<br><br>    Respondent.<br>_____ | No. C 08-1394 MMC (PR)<br><br>**ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**(Docket No. 2)** |

On March 11, 2008, petitioner, a California pretrial detainee incarcerated at the San Francisco County Jail in San Bruno, California, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was arrested on November 27, 2007, and is awaiting trial in the San Francisco County Superior Court. Petitioner claims his prosecution is unlawful because he was arraigned belatedly, in violation of his right to a speedy trial. He has filed an application to proceed in forma pauperis.

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 43-46 (1971); see also Carden v. Montana, 626 F.2d 82, 84 (9th Cir.1980) (applying Younger to habeas petition challenging state pretrial proceedings). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issues. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432

1  (1982). The rationale of <u>Younger</u> applies throughout appellate proceedings, requiring that
2  state appellate review of a state court judgment be completed before federal court
3  intervention is permitted. <u>See</u> <u>Huffman v. Pursue, Ltd.</u>, 420 U.S. 592, 607-11 (1975).

4      Here, criminal proceedings are pending against petitioner in state court and there is no
5  indication that petitioner does not have an adequate opportunity to present his claim in those
6  proceedings. Indeed, petitioner has attached to his petition a copy of a motion to dismiss the
7  charges against him on the ground that his speedy trial rights were violated, which motion
8  was prepared by petitioner's counsel and filed in the Superior Court on January 24, 2008.
9  Moreover, petitioner has made no showing that extraordinary circumstances exist that would
10 require federal intervention. <u>See</u> <u>Younger</u>, 401 U.S. at 46 (holding extraordinary
11 circumstances exist when there is danger of great and immediate irreparable loss; holding
12 cost, anxiety and inconvenience of defending against good-faith criminal prosecution not
13 extraordinary circumstance requiring federal intervention); <u>see</u> <u>also</u> <u>Carden</u>, 626 F.2d at 84
14 (holding federal intervention appropriate only under "special circumstances" such as proven
15 harassment, bad faith prosecution, or other extraordinary circumstances resulting in
16 irreparable injury).

17     As a decision on the instant federal petition would interfere with the criminal
18 proceedings pending against petitioner in state court, the petition is hereby DISMISSED.
19 The dismissal is without prejudice to petitioner's filing a new federal habeas petition once his
20 state criminal proceedings are completed and he has exhausted state court remedies
21 concerning all claims he wishes to raise in federal court.

22     In light of petitioner's lack of funds, the application to proceed in forma pauperis is
23 GRANTED.

24     This order terminates Docket No. 2.

25     The Clerk shall close the file.

26     IT IS SO ORDERED.

27 DATED: April 30, 2008

28     _____
    MAXINE M. CHESNEY
    United States District Judge